**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 10-14294-CIV-MOORE

JOSE COLON,

      Plaintiff,

vs.

UNITED STATES OF AMERICA,

      Defendant.

_____/

**MEMORANDUM OF DECISION**

**I.**    **INTRODUCTION**

This matter is before the Court for decision following a one day, non-jury trial held Wednesday, September 28, 2011, in Fort Pierce, Florida.  Plaintiff, Jose Colon, seeks damages from Defendant, United States, for a motor vehicle accident involving Colon, and John W. Woolard, an employee of the United States Department of Agriculture.  The Court, having fully considered the testimony and documentary evidence received at trial, as well as the applicable law and arguments of counsel, oral and written, now finds that Plaintiff shall take nothing on his claims and judgment shall be entered in favor of Defendant.

**II.**    **FINDINGS OF FACT[1]**

    1.  This Court has subject matter jurisdiction of this matter pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b).  The choice of law for such an action is the law of the place

---

[1] It is the Court's intention that any finding of fact that is more properly construed as a conclusion of law and any conclusion of law that is more properly construed as a finding of fact shall be so construed notwithstanding the respective location in this opinion in which each may be found.

where the tort occurred.  FDIC v Meyer, 510 U.S. 471, 478 (1994) (citing Miree v. DeKalb County, 433 U.S. 25, 29 n.4 (1977); United States v. Muniz, 374 U.S. 150, 153 (1963). This automobile accident occurred in Florida, so the Court applies Florida tort law.  See Hunter v. United States, 961 F. Supp. 266, 268 (M.D. Fla. 1997) ("[b]ecause the alleged tortious act occurred in the state of Florida, Florida negligence law will be applied in the present suit").

2. Plaintiff, Jose Colon, was driving westbound on State Road 76, also known as "Kanner Highway," when he struck a trailer pulled by a pickup truck driven by John Woolard, an employee of the United States Department of Agriculture, an agency of the Defendant United States.  Tr. at 120-121.

3. John Woolard was operating a government owned vehicle and was at the time of the accident acting within the course and scope of his employ with the United States Department of Agriculture.  Def. Pretrial Stip. at 4.  Woolard was driving a Dodge 1500 Ram pick-up truck with extended cab and pulling a trailer with a Polaris Ranger six-wheeler on board.  Tr. at 63.

4. Woolard was traveling eastbound on Kanner Highway at approximately 10:00 a.m when he made a left turn onto the on-ramp for I-95 North.  While making that turn the trailer attached to his truck was struck by the car driven by Colon.  Tr. at 63-71.

III.   DISCUSSION

Florida tort law controls the determination of whether the Defendant was negligent in this case.  In Florida, negligence is defined as,

> the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

Florida Standard Jury Instructions, Chapter IV - Negligence; see also Hunter, 961 F.Supp. at 268. In this case the Court evaluates negligence in the context of a motor vehicle accident. Florida Statutes § 316.122 provides the traffic law applicable to vehicles making left hand turns. It states,

> The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction, or vehicles lawfully passing on the left of the turning vehicle, which is within the intersection or so close thereto as to constitute an immediate hazard. A violation of this section is a noncriminal traffic infraction, punishable as a moving violation as provided in chapter 318.

Fla. Stat. § 316.122. The "oncoming driver" of a vehicle approaching from the opposite direction of the driver turning left, has the right to assume that the driver turning left, will obey the law and yield the right-of-way to him. Kerr v. Caraway, 78 So.2d 571, 572 (Fla. 1955); MacNeill v. Neal, 253 So.2d 263, 264 (Fla. Dist. Ct. App. 2d Dist. 1971); Wagner v. Willis, 208 So.2d 673 (Fla. Dist. Ct. App. 2d Dist. 1968). However, it is equally true that the oncoming driver who proceeds into an intersection must also use reasonable care. U.S. Fire Ins. Co. v. Progressive Casualty Ins. Co., 362 So. 2d 414, 415 (Fla. Dist. Ct. App. 2d Dist. 1978). The Florida Second District Court of Appeal clarified the rights and responsibilities of a driver who has the right of way, stating,

> A motorist about to enter an intersection with the traffic signal in his favor has the right of way. He also has a right to assume others will obey the law and exercise due care to avoid an accident. However, even though he has a favorable light he must exercise reasonable care to determine that there is no impending traffic which would impede safe passage through the intersection. He has not exercised reasonable care once he knows or should have known that another motorist is going to run a red light and has a clear opportunity to avoid the collision.

Id. (citing MacNeill v. Neal, 253 So.2d 263 (Fla. Dist. Ct. App. 2d Dist. 1971) (citations omitted.)); see also Salman v. Cooper, 633 So. 2d 570, 572 (Fla. Dist. Ct. App. 4th Dist. 1994); Mason v. Remick, 107 So.2d 38, 39 (Fla. Dist. Ct. App. 2d Dist. 1958); Tackett v. Hartack, 98 So.2d 896, 897 (Fla. Dist. Ct. App. 3d Dist. 1957).

In examining the burdens of proof required by each party, the Court understands that in Florida there is a rebuttable presumption of negligence on the part of a driver who collides with the rear-end of the car in front of him. Clampitt v. Sales, 786 So. 2d 570, 573 (Fla. 2001); Gulle v. Boggs, 174 So. 2d 26 (Fla. 1965). However, the Court is unaware of any similar presumption which operates in instances of drivers making a left turn across an oncoming lane. Moreover, in reviewing the posture of Florida tort law as it applies to motor vehicle accidents, the Court understands that a violation of a traffic statute does not create strict liability, nor does it provide proof of negligence, such that a violation only provides evidence of negligence. Brackin v. Boles, 452 So. 2d 540, 544-545 (Fla. 1984) citing deJesus v. Seaboard Coast Line Railroad, 281 So. 2d 198, 201 (Fla. 1973). Even with the evidence derived from proof of a violation, proximate cause and other elements of negligence must be proven independently. Id. The Court notes, that while this framework assists the Court in its understanding of the posture of Florida motor vehicle tort law, there was no evidence presented at the trial that Woolard was cited for his actions on that morning. In light of this, Colon bore the burden of proving by a preponderance of the evidence all four elements of negligence - duty of care, breach of that duty, causation, and damages. Clampitt, 786 So. 2d at 573 (citing Jefferies v. Amery Leasing, Inc., 698 So. 2d 368, 370-71 (Fla. Dist. Ct. App. 5th Dist. 1997).

As the trier of fact in this case, the Court may make judgments regarding the credibility of

4

the witnesses that come before it.  See Caro-Galvan v. Curtis Richardson, Inc., 993 F.2d 1500, 1504 (11th Cir. 1993) (citing Chris Berg, Inc. v. Acme Mining Co., 893 F.2d 1235, 1238 n.2 (11th Cir. 1990) (recognizing that the court must weigh the evidence and make credibility determinations)).  A witness' testimony may be believed in full, in part, or entirely discounted. See Moore v. Chesapeake & Ohio Ry. Co., 340 U.S. 573, 576 (1951).

The Court finds Woolard a credible witness and his description of the accident leads the Court to conclude that he was not negligent in his conduct.  Woolard explained that he was at the intersection of Kanner Highway and the I-95 North on-ramp while the light was yellow.  Tr. at 71-80.  He described the day as being clear and the road conditions as dry, and explained that he could see Colon's oncoming vehicle at a distance of 120 yards from the traffic light.  Woolard assumed that Colon would have to stop for the traffic light which, by Woolard's estimate, would be red by the time Colon reached the intersection.  Tr. 63; 71-80.  Woolard explained his familiarity with distances as a result of his routine role in using a rifle to effect animal control. Tr. at 66.  He also indicated his familiarity with the intersection where the accident occurred as he travels through that intersection frequently and lives nearby.  Tr. at 76-77.

Alternatively, Colon offered no explanation for why, despite clear conditions, he did not see the white extended cab pickup truck pulling a trailer in the intersection.  He does claim he saw that the light over the intersection was yellow.  Nor was Colon able to offer a reason as to why he did not slow down or apply his breaks until the very moment before he hit the trailer at almost his full speed of forty-five miles per hour.

Colon offered no evidence or explanation that would allow the Court to come to the conclusion that Woolard was negligent.  There is no presumption that simply because Woolard

turned across Colon's oncoming lane that Woolard was negligent. Colon presented no evidence of a traffic citation, or even a reconstruction of the accident which would convince the Court that Woolard's actions constituted negligence. Quite the contrary, Colon was 120 yards away when Woolard began to turn through his lane. With 120 yards between Colon and the point at which he impacted Woolard's trailer, Colon reasonably should have been able to stop, slow down, or take necessary evasive action to avoid driving head on into the side of Woolard's trailer at full speed. Colon did none of these, and offers no explanation for the actions he did take.

## IV.  CONCLUSION

Accordingly, the Court fails to find negligence on the part of Woolard and in turn on the part of the Defendant, the United States. The Court therefore does not reach the question of damages because none are awarded to the Plaintiff in this case. Final Judgment will be entered for the United States by separate Order.

DONE AND ORDERED in Chambers at Miami, Florida this 7th day of November, 2011.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record

6